UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN LEE DIXIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:08-CV-85 |
| | ) |
| FORT WAYNE POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is a document entitled "Motion of Discovery" (Docket # 13) filed by *pro se* Plaintiff Kevin Lee Dixie, requesting, as far as we can tell from the motion's vague, cursory language, that the Court (1) cause a congressional committee to intervene in this case on Dixie's behalf, (2) grant Dixie's request to depose Defendant Fort Wayne Police Department and numerous witnesses, and (3) enter a protective order to seal the entire case. (Mot. of Discovery 1, 4, 5.)  Dixie's motion will be DENIED in its entirety.

To explain, Dixie first states in his motion: "Kevin Lee Dixie a, pro se plaintiff; notify of pending investigation; Committee: Judiciary: Civil Rights: Congress of the United States House of Representatives; Washington, DC 20515-1402." (Mot. of Discovery 1.)  Thus, Dixie's first request is utterly vague and ambiguous, leaving the Court to speculate as to what relief, if any, he actually seeks. *See generally Arnold v. Janssen Pharmaceutica, Inc.*, No. 01 C 8138, 2003 WL 22159471, at *1 (N.D. Ill. Sep. 17, 2003) (denying plaintiff's motion to compel where plaintiff advanced a "nonsensical, unspecific, and broadly-worded discovery effort").  To the extent that Dixie requests some type of  congressional committee to intervene, his request is, of

course, outside the scope of the relief available from this Court under Federal Rule of Civil Procedure 37, and thus his request will be denied.

As to Dixie's request to depose Defendant and various witnesses, it too is deficient. "A party who wants to depose a person by oral questions must give written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). Here, Dixie's motion fails to provide an adequate notice of deposition, simply stating that he wants "to ask questions of party opponent (Defendant) and (Witness's) under oath . . . ." (Mot. of Discovery 4.) Furthermore, there is no indication that Dixie has made any provision for the cost of these depositions. The law is clear that Dixie cannot shift the cost of conducting a deposition to the government or to non-parties. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd. Cir. 1993) ("[A]s a general rule, indigent litigants bear their own litigation expenses, at least initially . . . ." (citation omitted)); *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)."); *Gregg v. Clerk of U.S. District Ct.*, 160 F.R.D. 653, 654-44 (N.D. Fla. 1995); *Badman v. Stark*, 139 F.R.D. 601, 604-06 (M.D. Pa. 1991); *Reed v. Pearson*, Civ. S85-100, 1989 WL 516266, at *1 (N.D. Ind. Aug. 22, 1989).

Finally, Dixie asks that his "complaint . . . and all information forwarded to [the] above cause no. [be] kept confidential." (Mot. of Discovery 5.) While Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown, *see Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999), the cursory

motion for protective order submitted by Dixie provides absolutely no basis for finding good cause. Thus, his request to seal the record at this juncture is unavailing.

In short, for the foregoing reasons, the document entitled "Motion of Discovery" (Docket # 13) filed by *pro se* Plaintiff is DENIED in its entirety.

SO ORDERED.

Entered this 21st day of May, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge